UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:04-CV-846 CAS |
| CONVERGYS CUSTOMER MANAGEMENT GROUP, INC., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Convergys Customer Management Group, Inc.'s ("Convergys") motion for leave to file an amended answer to assert an affirmative defense of after-acquired evidence. Plaintiff Equal Employment Opportunity Commission ("EEOC") and Plaintiff-Intervenor Ahmet Demerelli ("Demerelli") filed a memorandum in opposition. Convergys filed a reply and the EEOC and Demerelli filed a sur-reply. For the following reasons, the Court will grant Convergys's motion for leave to file an amended answer.

**Standard**

A party may amend its answer within 20 days after it is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend the answer only by leave of court or by written consent of the adverse party. Id. Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether

leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Delay in seeking to amend, alone, is a insufficient justification to deny leave. Prejudice to the nonmovant must also be shown. Bell, 160 F.3d at 455 (citing Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981)). Any prejudice to the nonmoving party must be weighed against the prejudice to the moving party by not allowing the amendment. Id. Where the requested amendments are based on facts similar to the original complaint, leave is normally granted. Id. (citations omitted).

**Discussion**

Convergys seeks to add an affirmative defense based upon the after-acquired evidence theory. The after-acquired evidence theory concerns evidence of employee on-the-job misconduct that is discovered after the employee's termination, which would have resulted in the employee's discharge had the employer known of it. Sellers v. Mineta, 358 F.3d 1058, 1061 (8th Cir. 2004) (citing McKennon v. Nashville Banner Publ'g Co., 513 U.S. 356, 360-362 (1995)). It is unclear whether the after-acquired evidence theory is an affirmative defense that must be pled. See Sellers, 358 F.3d at 1061 (court declines to decide whether after-acquired evidence is an affirmative defense). The EEOC and Demerelli assert that they will be prejudiced by the filing of an amended answer because they would need to conduct additional discovery and an amended answer would be futile because Convergys cannot establish that the evidence at issue constitutes after-acquired evidence. Convergys responds that the EEOC and Demerelli had sufficient notice that it would offer after-acquired evidence and therefore they would not be prejudiced.

The Court will grant defendant's motion for leave to file an amended answer. There is no evidence that the motion was filed in bad faith or with dilatory motive. Convergys has filed the motion outside of the deadline to amend the pleadings under the Case Management Order of November 5, 2004, but the delay in seeking leave to amend is not enough to deny the motion. Plaintiff and plaintiff-intervenor must be prejudiced and any prejudice to them must be weighed against the prejudice to Convergys. The Court believes that the EEOC and Demerelli will not be prejudiced because the possibility of after-acquired evidence was discussed in a discovery hearing before the Court on July 12, 2005. Tr. at 9-10. Convergys should have requested leave to amend its answer sooner, but it was not a surprise that would prejudice the EEOC or Demerelli. Finally, the proposed amendment is not futile, because if the defendant has after-acquired evidence, such evidence could affect the amount of damages available if plaintiff's case succeeds on the merits. Sellers, 358 F.3d at 1064. Therefore, the Court will grant Convergys's motion for leave to file an amended answer.

Finally, Convergys filed its answers to plaintiff and plaintiff-intervenor's complaints before obtaining leave of court. The Court will direct the Clerk of Court to delete the answers filed on September 6, 2005 and order Convergys to re-file their amended answers no later than October 11, 2005.

Accordingly,

**IT IS HEREBY ORDERED** that defendant' motion for leave to file an amended answer is **GRANTED**. [Doc. 37]

**IT IS FURTHER ORDERED** that the Clerk of Court shall delete documents 38 and 39 from the record. [Docs. 38 and 39]

**IT IS FURTHER ORDERED** that defendant Convergys Customer Management Group, Inc. shall file its answers to plaintiff and plaintiff-intervenor's complaints no later than October 11, 2005.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of October, 2005.