UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| AHMET YIGIT DEMIRELLI, | ) ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) No. 4:04-CV-846 CAS ) |
| CONVERGYS CUSTOMER , MANAGEMENT GROUP, INC. | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to alter judgment. Defendant filed a memorandum in opposition. For the following reasons, the Court will deny plaintiffs' motion.

**I. Background**

Plaintiff Equal Employment Opportunity Commission ("EEOC") and plaintiff-intervenor Ahmet Yigit Demirelli seek relief against defendant Convergys Customer Management Group, Inc. ("Convergys") for alleged violations of Title I of the American with Disabilities Act of 1991, 42 U.S.C. § 12112(a) ("ADA"), involving the failure to provide reasonable accommodation for Demirelli's disability and terminating Demirelli because of his disability. The parties filed cross-motions for summary judgment. The Court granted in part and denied in part defendant's motion for summary judgment and denied plaintiffs' motion for summary judgment without prejudice. Partial

judgment was entered in favor of defendant. This action will proceed to trial on plaintiffs' claim that Convergys failed to provide Demirelli a reasonable accommodation of a longer lunch period.

Plaintiffs filed a motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e) seeking to correct a factual finding made by the Court. Convergys opposes the motion stating that the Court did not commit a manifest error of fact.

**II. Standard**

This Court has broad discretion in deciding whether to grant a motion under Rule 59(e). Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982) (internal quotations omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative, 141 F.3d at 1286 (internal punctuation and citations omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. United States v. Metropolitan St. Louis Sewer Dist., No. 05-1598, __ F.3d __ (8th Cir. March 6, 2006).

**III. Discussion**

Plaintiffs assert that the Court should alter the Memorandum and Order of January 19, 2006. Plaintiffs contend that the Court made a manifest error of fact in its finding, which stated, "The electronic data regarding timekeeping and phone usage kept by Convergys shows that Demirelli was tardy one hundred and two times during his employment. He was late coming to work thirty-seven times and late returning from lunch sixty-five times." (Order of January 19, 2006, p. 12). Plaintiffs

state that this factual finding is inconsistent with the affidavit relied upon by the Court. In that affidavit, Convergys's Senior Business Systems Analyst Tara Match stated:

> 6. I cross-checked all tardies identified as a "lunch" tardy on Exhibit 36 with the new computer data available to me in Convergys' central repository database and archived timekeeping and phone usage data, which is described above. The timekeeping records and phone usage reports confirm that on each of the days identified as a lunch tardy Mr. Demirelli's period of time during a meal break exceeded 33 minutes.

(Match Aff. ¶ 6). Plaintiffs want the Court to amend the memorandum and order to state that Match's affidavit only supports a finding that Demirelli was late returning from lunch sixty-five times, and omit any reference to total tardies.

Defendant responds that the Court's finding is correct and consistent with the facts on the record and the Court did not commit a manifest error. Further, defendant responds that plaintiffs have provided no support that a modification of the order is required to affect the substantial rights of the parties.

The Court finds plaintiffs' motion should be denied. The factual finding that Demirelli was tardy 102 times is supported by other evidence in the record, including Demirelli's deposition where he acknowledges the accuracy of Exhibit 36, which documents the accrual of 102 tardies. Federal Rule of Civil Procedure 61 provides:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The Court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

The Court finds that the substantial rights of the parties are not affected by the error, if any, and that refusal to grant the motion to alter the finding is not inconsistent with substantial justice. Therefore, plaintiffs' motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to amend judgment is **DENIED**. [Doc. 69].

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 6th day of April, 2006.