## INSTRUCTION NO. ___1___

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some I gave you at the beginning of the trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room.

**INSTRUCTION NO.** *2*

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

During this trial, I have occasionally asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.

**INSTRUCTION NO.** _3_

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

# INSTRUCTION NO. 4

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable If, on any issue in the case, the evidence is equally balanced, you cannot find that the issue has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

**INSTRUCTION NO. 5**

I will now give you the instructions regarding Plaintiff's specific claims. The fact that I will instruct you on the proper measure of damage should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance, in the event you should find in favor of Plaintiff on the question of liability, by a preponderance of the evidence and in accord with the other instructions.

**INSTRUCTION NO.** _6_

This case should be considered and decided by you as an action between persons of equal

standing in the community, of equal worth, and holding the same or similar stations in life.  A

corporation is entitled to the same fair trial at your hands as a private individual.  All persons and

corporations stand equal before the law and are to be dealt with as equals in a court of justice.

]

**INSTRUCTION NO.** 7

A corporation acts only through its agents or employees and any agent or employee of a corporation may bind the corporation by acts and statements made while acting within the scope of the authority delegated to the agent by the corporation, or within the scope of his or her duties as an employee of the corporation.

**INSTRUCTION NO.** _8_

No party is required to call as witnesses all persons who may have been present at any time or place involved in this case, or who may appear to have some knowledge of the matters in issue at this trial; nor is a party required to produce as exhibits all papers and other things mentioned in this case.

**INSTRUCTION NO. _9_**

You must consider proved the fact that punctuality is an essential function of Plaintiff

Ahmet Yigit Demirelli's job at Convergys.

# INSTRUCTION NO. $\underline{10}$

The ADA provides that the concept of "reasonable accommodation" may include: "(A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications or examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities."

**INSTRUCTION NO.** __11__

In order to be entitled to a reasonable accommodation, plaintiff Demirelli need not have made a request for a specific accommodation.  It was enough for him to notify defendant of his need for an accommodation in general.

# INSTRUCTION NO. 12

Your verdict must be for plaintiffs and against defendant if all of the following elements have been proved by the greater weight of the evidence:

*First*, plaintiff Demirelli is an individual with a disability within the meaning of the ADA (the parties have stipulated – or agreed -- to these facts); and

*Second*, defendant knew of plaintiff Demirelli's disability; and

*Third*, plaintiff Demirelli could have performed the essential functions of the position of Customer Service and Problem Resolution Representative at the time defendant terminated him if he had been provided with a reasonable accommodation concerning the length of his lunch period; and

*Fourth*, providing plaintiff Demirelli with an accommodation concerning the length of his lunch period would have been reasonable; and

*Fifth*, defendant failed to provide any reasonable accommodation concerning the length of his lunch period; and

If any of the above elements has not been proved by the greater weight of the evidence, or if defendant is entitled to a verdict under Instruction 13, your verdict must be for the defendant and you need not proceed further in considering this claim.

# INSTRUCTION NO. 13

Your verdict must be in favor of the defendant if it has been proved by the greater weight of the evidence that providing a reasonable accommodation concerning the length of plaintiff Demirelli's lunch period would have caused an undue hardship on the operation of defendant's business.

The term "undue hardship," as used in these instructions, means an action requiring defendant to incur significant difficulty or expense when considered in light of the following:

(1)     The nature and cost of providing plaintiff Demirelli with a reasonable accommodation concerning the length of his lunch period;

(2)     The overall financial resources of the facility involved in the provision of the reasonable accommodation concerning the length of plaintiff Demirelli's lunch period;

(3)     The overall financial resources of the defendant;

(4)     The overall size of the business of defendant with respect to the number of its employees and the number, type, and location of its facilities;

(5)     The type of operation of the defendant, including the composition, structure, and functions of the workforce; and

(6)     The impact of providing plaintiff Demirelli with a reasonable accommodation concerning the length of his lunch period on the operation of the facility, including the impact on the ability of other employees to perform their duties and the impact on the facility's ability to

conduct business.

.

**INSTRUCTION NO. 14**

If you find in favor of plaintiff under Instruction 12, then you must answer the following question in the verdict form: Has it been proved by the preponderance of the evidence that the defendant made a good faith effort and consulted with the plaintiff, to identify and make a reasonable accommodation?

INSTRUCTION NO. _15_

If you find in favor of plaintiffs under Instruction _12_ and if you answer "no" in response

to Instruction _14_, then you must award plaintiffs such sum as you find by the greater weight of

the evidence will fairly and justly compensate plaintiff Demirelli for any damages you find he

sustained as a direct result of defendant's failure to reasonably accommodate him and firing him.

Plaintiffs' claim for damages includes three distinct types of damages and you must consider them

separately.

*First*, the parties have stipulated that the amount of wages and fringe benefits plaintiff

Demirelli could have earned if he had not been fired on June 27, 2002, through April 4, 2003,

minus the amount of earnings and benefits that he received from other employment during that

time does not exceed $14,265.22.

*Second*, you must determine the amount of any other damages sustained by plaintiff

Demirelli, such as emotional pain, suffering, inconvenience, mental anguish, and loss of

enjoyment of life. You must enter separate amounts for each type of damages in the verdict form

and must not include the same items in more than one category, and it must not include any

compensation for any damages sustained after April 4, 2003.

You are also instructed that plaintiff Demirelli has a duty under the law to "mitigate" his

damages – that is, to exercise reasonable diligence under the circumstances to minimize his

damages. Therefore, if you find by the greater weight of the evidence that plaintiff Demirelli

failed to seek out or take advantage of an opportunity that was reasonably available to him, you

must reduce his damages by the amount he reasonably could have avoided if he had sought out or

taken advantage of such opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or sympathy.

# INSTRUCTION NO. _16_

In addition to actual damages mentioned in the other instructions, the law permits the jury under limited circumstances to award an injured person punitive damages.

If you find in favor of plaintiff under Instruction _12_, and if you answer "no" in response to Instruction _14_, then you must decide whether defendant acted with malice or reckless indifference to plaintiff Demirelli's right not to be discriminated against on the basis of his impairment. Defendant acted with malice or reckless indifference if:

it has been proved by the greater weight of the evidence that defendant knew that the termination was in violation of the law prohibiting disability discrimination, or acted with reckless disregard of the law.

You may not award punitive damages, however, if defendant has proved by the greater weight of the evidence that it made a good-faith effort to comply with the law prohibiting disability discrimination.

If you decide to award punitive damages, you should consider the following in determining the amount of the punitive damages award: the nature of the defendant's conduct under the totality of the circumstances; the frequency of the defendant's conduct; how reprehensible the defendant's conduct was toward plaintiff Demirelli; what amount of punitive damages, in addition to the compensatory damages already awarded, is needed, considering the defendant's financial condition, to punish the defendant for its wrongful conduct toward plaintiff Demirelli and to deter the defendant and others from similar wrongful conduct in the future; the amount of fines and similar penalties applicable to similar conduct; and whether the amount of punitive damages bears

a reasonable relationship to the compensatory damages awarded.

# INSTRUCTION NO. 19

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person can preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone – including me – how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is

intended to suggest what your verdict should be -- that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.