**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
　 )
　　Plaintiff, )
　 )
and )
　 )
AHMET YIGIT DEMIRELLI, )
　 )
　　Plaintiff-Intervenor, )
　 )
　　v. )　　　　No. 4:04-CV-846 CAS
　 )
CONVERGYS CUSTOMER )
MANAGEMENT GROUP, INC., )
　 )
　　Defendant. )

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on various post-trial motions filed by the parties. These motions have been fully briefed and are ready for ruling by the Court.

**I. Background**

Plaintiff Equal Employment Opportunity Commission ("EEOC") and plaintiff-intervenor Ahmet Yigit Demirelli sought relief against defendant Convergys Customer Management Group, Inc. ("Convergys") for alleged violations of Title I of the American with Disabilities Act of 1991, 42 U.S.C. § 12112(a) ("ADA"), involving the failure to provide reasonable accommodation for Demirelli's disability and terminating Demirelli because of his disability. The Court granted in part and denied in part defendant's motion for summary judgment and denied plaintiffs'[1] motion for summary judgment without prejudice. Partial judgment was entered in favor of defendant on

_____

[1]The Court will refer to plaintiff and plaintiff-intervenor collectively as plaintiffs.

plaintiffs' ADA claims that defendant failed to reasonably accommodate his request for a parking space, to take a headset home, and to have an assigned seat.

At trial, the jury returned a verdict in favor of plaintiffs on the claim that Convergys failed to reasonably accommodate Demirelli's request for a longer lunch period. The jury awarded Demirelli $14,265.22 for lost wages and benefits and $100,000 in compensatory damages. Plaintiffs filed motions for bill of costs, a motion for attorney's fees, motion for a permanent injunction, and motion for award of prejudgment interest. Defendant filed a renewed motion for judgment as a matter of law, remittitur, or in the alternative for a new trial.

## II. Motion for Judgment as a Matter of Law, Remittitur, or in the Alternative for a New Trial

Convergys assert that its renewed motion for judgment as a matter of law should be granted because (1) plaintiffs failed to make a submissible case, (2) plaintiffs are not entitled to compensatory or punitive damages, (3) the Court committed errors or omitted evidence, and (4) the judgment is clearly excessive and against the weight of the evidence. Plaintiffs filed memoranda in opposition to defendant's motion.

### A. Renewed Motion for Judgment as a Matter of Law

A party seeking to overturn a jury verdict based on the insufficiency of the evidence faces an onerous burden. See United States v. Big D Enter., Inc., 184 F.3d 924, 929 (8th Cir. 1999), cert. denied, 529 U.S. 1018 (2000). "Judgment as a matter of law is proper only when there is a complete absence of probative facts to support the conclusion reached so that no reasonable juror could have found for the nonmoving party." Henderson v. Simmons Foods, Inc., 217 F.3d 612, 615 (8th Cir. 2000) (internal punctuation and quoted cases omitted). "The Court 'may not make credibility determinations or weigh the evidence.'" Kartheiser v. American Nat'l Can Co., 271 F.3d 1135, 1137 (8th Cir. 2001) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)). "A

jury verdict should not be overturned unless there is a complete absence of facts to allow a jury to reach its conclusion." Athey v. Farmers Ins. Exch., 234 F.3d 357, 362 (8th Cir. 2000).

In ruling on a motion for judgment as a matter of law, the district court must (1) consider the evidence in the light most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved in favor of the prevailing party; (3) assume as proved all facts that the prevailing party's evidence tended to prove; and (4) give the prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved. Ryther v. KARE 11, 108 F.3d 832, 844 (8th Cir.) (en banc), cert. denied, 521 U.S. 1119 (1997). "That done, the court must then deny the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence." Haynes v. Bee-Line Trucking Co., 80 F.3d 1235, 1238 (8th Cir. 1996) (citations and internal quotations omitted). In an employment discrimination case, a court must render judgment as a matter of law for the defendant when there is no legally sufficient basis for a "rational factfinder" to conclude the employer intentionally discriminated. Ross v. Kansas City Power & Light Co., 293 F.3d 1041, 1045 (8th Cir. 2002) (citing Reeves, 530 U.S. at 148).

Convergys contends that plaintiffs (1) did not make a submissible case under the ADA, (2) failed to present sufficient evidence from which a reasonable jury could have found Demirelli was a qualified individual with a disability within the meaning of the ADA, (3) did not demonstrate that Demirelli could be punctual with or without reasonable accommodations, and (4) are not entitled to compensatory damages. Convergys also contends that the Court made several errors during trial. The Court disagrees. Convergys fails to meet the heavy burden for judgment as a matter of law because ample evidence was presented to support the jury's verdict. Defendant's arguments concern the weight of the evidence, which is not appropriate for review on a motion for judgment as a matter of

law.  Viewing the evidence in the light most favorable to plaintiffs, the Court finds that defendant's motion for judgment as a matter of law should be denied.

### B.  Alternative Motion for a New Trial

Defendant alternatively moves for a new trial pursuant to Federal Rule of Civil Procedure 59. Convergys asserts that the Court should have granted its motion for summary judgment in its entirety. Further, Convergys contends the Court improperly admitted and excluded certain evidence, erred in the admission or exclusion of certain jury instructions, and improperly submitted instructions on punitive damages, compensatory damages, and back pay to the jury.

It is almost entirely within the discretion of the trial court whether to grant a new trial.  See Federal Rule of Civil Procedure 59(a); Belk v. City of Eldon, 228 F.3d 872, 878 (8th Cir. 2000).  "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice."  Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996).  The key question is whether a new trial is required to avoid a miscarriage of justice.  Belk, 228 F.3d at 878.

In reviewing a motion for a new trial on the ground that the jury's verdict is against the weight of the evidence, the Court is free to weigh the evidence for itself and grant a new trial even where substantial evidence exists to support the verdict.  Dominium Mgmt. Svcs., Inc. v. Nationwide Hous. Group, 195 F.3d 358, 366 (8th Cir. 1999); see White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992). "Ultimately, the district court must determine if there will be a miscarriage of justice if the jury's verdict is allowed to stand."  Dominion, 195 F.3d at 366 (citing White, 961 F.2d at 780).  A miscarriage of justice occurs when there is insufficient evidence to support the verdict.  Douglas County Bank & Trust Co. v. United Fin. Inc., 207 F.3d 473, 478 (8th Cir. 2000).

The Court will deny defendant's motion for a new trial. As stated previously, there was sufficient evidence to support the verdict. Based on the Court's observations during trial, the verdict was not against the weight of the evidence, excessive, or the result of a miscarriage of justice. Accordingly, Convergys is not entitled to a new trial.

### C. Motion for Remittitur

Finally, Convergys requests remittitur on the judgment for back pay and the judgment for compensatory damages. Convergys asserts that the judgment for backpay should have been reduced to reflect Demirelli's failure to mitigate damages. Also, Convergys contends that the $100,000 award for compensatory damages was excessive and motivated by sympathy and passion contrary to the evidence before the jury.

"A party harmed by discriminatory employment decisions has an affirmative duty to mitigate his damages by reasonably seeking and accepting other substantially equivalent employment." Canny v. Dr. Pepper/Seven-Up Bottling Group, Inc., 439 F.3d 894, 904-5 (8th Cir. 2006) (citing Hartley v. Dillard's, Inc., 310 F.3d 1054, 1061 (8th Cir. 2002)). "A plaintiff's duty is one of reasonable diligence . . . ." Mathieu v. Gopher News Co., 273 F.3d 769, 784 (8th Cir. 2001) (citations omitted). "A plaintiff's efforts to mitigate need not be successful but must represent an honest effort to find substantially equivalent work." Id. Convergys has the burden of showing that Demirelli did not fail to mitigate his damages. See Canny, 439 F.3d at 905.

The Court finds that Convergys has failed to meet its burden that Demirelli failed to mitigate his damages. Demirelli testified that the only job he has ever held was with Convergys. He also testified that he looked for work on the Internet, told friends that he was looking for work, and searched in the employment guide newsletter. Considering Demirelli's work experience, skills, and

limited mobility, his efforts while unsuccessful were sufficient. Therefore, the Court will not award remitittur on the back pay award of $14,265.22.

"Compensatory damages for emotional distress must be supported by competent evidence of a genuine injury and plaintiff's own testimony can carry this burden." Rowe v. Hussman, 381 F.3d 775, 783 (8th Cir. 2004) (internal citations omitted) (citing Kucia v. Southeast Arkansas Community Action Corp., 284 F.3d 944, 947 (8th Cir. 2002)). "Medical or other expert evidence is not required to prove emotional distress." Kim v. Nash Finch Co., 123 F.3d 1046, 1065 (8th Cir. 1997). "A district court should grant remitittur only when the award is so excessive as to shock the court's conscience." Triton Corp. v. Hardrives, Inc., 85 F.3d 343, 347 (8th Cir. 1996).

Plaintiff's testimony and the circumstances of this particular case are sufficient to sustain the burden for an emotional distress award. Nash Finch, 123 F.3d at 1065. At trial, Demirelli testified regarding the stress caused by his termination. He also testified that his job loss was exacerbated because he had co-signed a mortgage for a house earlier the same day he was terminated. Demirelli and his mother testified about the physical effects the termination had on Demirelli and the effect it had on his relationships with other people. Because the jury "had the benefit of observation of plaintiff in considering and determining a fair allowance for [his] emotional distress and humiliation," the Court does not believe the award was so excessive as to shock the conscience. Block v. Macy, 712 F.2d 1241, 1245 (8th Cir. 1983). Therefore, the Court will deny defendant's motion for remitittur on the compensatory damages award of $100,000.

## III. Motion for Permanent Injunction

Plaintiff EEOC has filed a motion for injunctive relief. In its motion, the EEOC requests that the Court enter a permanent injunction as follows: (1) permanently enjoin defendant from failing and refusing to provide reasonable accommodations and engaging in discrimination based on disability,

(2) order defendant to institute and implement policies and programs that provide reasonable accommodations to disabled employees, (3) order defendant to prepare a letter of reference for Demirelli, (4) order defendant to purge Demirelli's personnel file of any documents relating to his termination, this lawsuit, and the charge of employment discrimination, (5) order defendant to limit its response to any inquiries concerning Demirelli to the proposed reference letter, (6) order defendant to post a notice approved by the Court and signed by defendant's top management about employee rights under the ADA, (7) order defendant to provide comprehensive training to all of its managers, supervisors, and human resource employees on the ADA, (8) order defendant to develop and disseminate a uniform procedure for requests for reasonable accommodations as part of the Associates Manual, and (9) order defendant for a three-year period to provide written notification to the Regional Attorney of the St. Louis EEOC office every six months of any requests for reasonable accommodation received by defendant. Convergys opposes the motion asserting that plaintiff has failed to prove a real threat of future violation of the ADA, the facts of this case do not support injunctive relief, and plaintiffs lack legal foundation for the relief requested.

The Court will grant in part and deny in part the EEOC's motion for injunctive relief. The Court will grant the EEOC's motion as to the request for a reference letter for Demirelli. The Court will amend the judgment and order Convergys to provide Demirelli with a neutral reference letter. The letter will by signed by a management official at defendant's Hazelwood facility and shall contain the title of Demirelli's position at the time of his discharge and the dates of his employment. The contents of the neutral reference letter shall be the only information communicated to any employers who inquire about Demirelli's employment with Convergys.

In its discretion, the Court will deny the remainder of the injunctive relief requested by the EEOC. See Briscoe v. Fred's Dollar Store, Inc., 24 F.3d 1026, 1028 (8th Cir. 1994) (district courts

have broad discretion to issue injunctions once discrimination has been established) (Title VII). Based on the evidence presented at trial, the Court does not believe that the evidence established a pattern or practice of disability discrimination at Convergys. There was evidence that in the past Convergys has accommodated individuals under the ADA. Further, the Court does not believe that there is a threat of a future violation of the ADA. Plaintiff no longer works for Convergys and has not sought reinstatement. Therefore, the Court does not believe that additional injunctive relief is necessary and will deny the remainder of the EEOC's request. <u>See</u> <u>Dehne v. Medicine Shoppe</u>, F. Supp. 2d 1142, 1145 (E.D. Mo. 2003) (denying injunctive relief when plaintiff would not be reinstated and there was no reasonable expectation that a future violation would occur) (citing <u>Stevens v. Gravette Med. Ctr. Hosp.</u>, 998 F. Supp. 1011, 1015-16 (W.D. Ark. 1998)).

## IV. Motion for Pre-judgment Interest

Plaintiff EEOC filed a motion for pre-judgment interest on behalf of plaintiff-intervenor. Where a federal law does not address the issue of prejudgment interest, an award of the same lies within the sound discretion of the district court. <u>See</u>, <u>e.g.</u>, <u>Blau v. Lehman</u>, 368 U.S. 403, 414 (1962); <u>Cargill, Inc. v. Taylor Towing Service, Inc.</u>, 642 F.2d 239, 241 (8th Cir. 1981) (admiralty). Prejudgment interest should usually be awarded when "damages lawfully due are withheld." <u>Cargill</u>, 642 F.2d at 242. A primary purpose of prejudgment interest is to make an injured party whole, but compensatory principles must be balanced by an assessment of the equities. <u>Id.</u>

The Court believes that an award of prejudgment interest is appropriate and will award plaintiff-intervenor prejudgment interest in the amount of $2,634.88.[2] The Court will amend the judgment to reflect the same.

## V. Motions for Bill of Costs

Plaintiff and Plaintiff-Intervenor separately request an award of costs. The EEOC requests costs in the amount of $12,035.60. Demirelli requests costs in the amount of $421.00. Convergys opposes the EEOC's motion for costs, in part.

As a threshold matter, it is presumed that a prevailing party is entitled to costs. See Federal Rule of Civil Procedure 54(d); Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). The Court recognizes that it has discretion to deny costs to the prevailing party, even in the absence of misconduct by that party. See Greaser v. State of Mo., Dept. of Corrections, 145 F.3d 979, 985 (8th Cir. 1998); Hibbs v. K-Mart Corp., 870 F.2d 435, 443 (8th Cir. 1989) (discussing discretionary nature of cost award under Rule 54(d) and 28 U.S.C. § 1920). Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). Pursuant to Rule 54(d) and 28 U.S.C. § 1920, the Court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian American Oil Co., 379 U.S. 227, 232-33, 235 (1964); Alexander v. National Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982), cert. denied, 461 U.S. 937 (1983).

---

[2]Pre-judgment interest was calculated using the interest rate for underpayment of taxes used by the Internal Revenue Service in 26 U.S.C. § 6621. See Mennen v. Easter Stores, 951 F. Supp. 838, 867 (N.D. Iowa 1997) (overview of employment discrimination cases applying 26 U.S.C. §6621 for calculation of prejudgment interest).

### A. EEOC Motion for Bill of Costs

#### 1. Fees of the Court Reporter

The EEOC requests court reporter fees for deposition transcripts in the amount of $7,073.32. Defendant does not object to the taxing of this cost. The Court has broad discretion to tax costs of depositions which are reasonably necessary to the case and which were not taken purely for investigative purposes. Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997); Slagenweit v. Slagenweit, 63 F.3d 719, 720 (8th Cir. 1995) (per curiam). Absent specific objections by defendant that depositions were improperly taken, "deposition costs will be taxed as having been necessarily obtained for use in the case within the meaning of 28 U.S.C. § 1920." Meder v. Everest & Jennings, Inc., 553 F. Supp. 149, 150 (E.D. Mo. 1982) (internal quotations and citation omitted). The Court is satisfied that the deposition of these witnesses were reasonably necessary at the time they were taken and will award plaintiff costs for court reporter fees in the amount of $7,073.32.

#### 2. Fees for Witnesses

The EEOC requests witness fees for Demirelli, Bilge Demirelli, Janet Weaver, Patrick Wilhite, and Shirley Smith in the amount of $389.25. Convergys objects to the $200.00 witness fee claimed for Demirelli because he is a party to the action, therefore he is not entitled to witness fees. The Court agrees. A party cannot recover fees as a witness. See Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago, 38 F.3d 1429, 1442 (7th Cir. 1994) (parties may not normally collect witness fees and it follows the district court may not tax witness fees for party witnesses under 28 U.S.C. § 1920(3)); 10 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 54.103[3][c][ii] (3d ed. 2006). Therefore, the Court will grant in part and deny in part plaintiff's request for witness fees. The Court will award plaintiff $189.25, which excludes the requested witness fee for plaintiff-intervenor Demirelli.

### 3. Fees for Exemplification and Copies of Papers

The EEOC asks the Court to award $153.03 in costs for copies. Defendant does not oppose the request. Copying costs may be taxed only if the copied items were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); <u>Morrissey v. County Tower Corp.</u>, 568 F. Supp. 980, 982 (E.D. Mo. 1983). Amounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate plaintiff's request. <u>Yaris v. Special School Dist. of St. Louis County</u>, 604 F. Supp. 914, 915 (E.D. Mo. 1985), <u>aff'd</u>, 780 F.2d 724 (8th Cir.), <u>cert. denied</u>, 476 U.S. 1172 (1986). The Court will consider whether plaintiff has shown that each category of disputed copy costs (I) was necessarily incurred for use in the case, and (ii) is adequately documented.

Because the EEOC submitted a bill of costs without a memorandum in support, the Court cannot ascertain the purpose of the copies. The invoice states, "B &W Copies E-Glasswork." The invoice is insufficient documentation for an award of costs because the Court cannot ascertain if the costs were necessarily incurred for use in this action. Therefore, the Court will deny plaintiff's request for copy fees in the amount of $153.03.

### 4. Other Costs

Next, the EEOC requests costs for payment of a special process server to serve deposition witnesses in the amount of $505.00 and for surveillance, service for deposition, and employment search for Loretta Hill in the amount of $3,550.00. Convergys objects to the costs for surveillance of Loretta Hill.

The Court will not tax costs for any of the special process server fees. The Eighth Circuit has held that a prevailing party may not recover costs related to the use of a special process server in <u>Crues v. KFC Corp.</u>, 768 F.2d 230, 234 (8th Cir. 1985). Although some other courts have declined

to follow the Crues decision, this Court is bound to follow Eighth Circuit precedent. See, e.g., United States Equal Employment Opportunity Comm'n v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000); Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 178 (9th Cir. 1990), cert. denied, 502 U.S. 812 (1991). Therefore, the Court will not tax this cost, which totaled $4,055.

Next, the EEOC requests costs in the amount of $365.00 for a videotaped site inspection. The videotaped inspection was used at trial and the Court will award the EEOC costs for this expense.

In conclusion, the Court will grant in part and deny in part the EEOC's motion for bill of costs. The Court will award the EEOC $7,627.57 in costs for fees of the Court reporter, videography services, and witness fees for witnesses Bilge Demirelli, Janet Weaver, Patrick Wilhite, and Shirley Smith.

**B. Demirelli's Motion for Bill of Costs**

Demirelli's attorney, Michael Fagras, requests costs in the amount of $421.00 for copying fees, courier costs, photographs, and film development. Defendant has not objected to this request for costs. Demirelli submitted a receipt from the St. Louis County Recorder of Deeds for $16.00, but the Court has no information regarding why a copy of a deed was necessary to this litigation. Accordingly, the Court will not award costs for this expense. Next, Demirelli submitted a request for costs in the amount of $87.00 for a photograph of a vehicle and film development. Again, the Court has no information regarding why this was a necessary expense to this litigation and will not award costs for this expense.

Also, the Court will deny plaintiff's motion for expenses for courier fees incurred sending materials to Attorney Barbara Seely, Demirelli, and "downtown and notary service." The Eighth Circuit has held that such expenses as long distance, fax, messenger services, and express mail are out-of-pocket expenses and not items of cost under § 1920. See Pinkham v. Camex, Inc., 84 F.3d

292 (8th Cir. 1996). The Court will also deny Demirelli's motion for costs incurred in obtaining a skip trace investigation on witness Marlon Mitchell. The Court has no information regarding why a skip trace investigation was necessary to this litigation. The Court will award Demirelli $113.00 for the investigation at the Village Square Shopping Center and photo developing because the information was used at trial in this action. Accordingly, the Court will award Demirelli $113.00 in "other" costs.

In conclusion, the Court will award Demirelli's attorney Michael Fagras a total award of $113.00 for costs in this action.

## VI. Motion for Attorney's Fees

Plaintiff-Intervenor requests attorney's fees in the amount of $130,570.80 for 435.236 hours of work. Convergys opposes the motion asserting that the attorney fee request is excessive and should be denied in its entirety.

### A. Standard

"The ADA gives a court discretionary authority to grant the prevailing party attorney's fees." Shrader v. OMC Aluminum Boat Group, Inc., 128 F.3d 1218, 1220 (8th Cir. 1997) (citing 42 U.S.C. § 12205 (1994)).[3] The ADA also incorporates by reference Title VII's attorney fee provision. See 42 U.S.C. § 12117(a).

Under 42 U.S.C. §§ 1988 and 2000e-5(k), prevailing parties in § 1983 and Title VII actions are entitled, at the district court's discretion, to attorney's fees. St. Louis Fire Fighters Ass'n Int'l Ass'n of Fire Fighters Local 73 v. City of St. Louis, Mo., 96 F.3d 323, 330 (8th Cir. 1996). "A prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances."

---

[3]The ADA attorney fees provision states: "In any action . . . commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205.

Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 417 (1978).

See Kline v. City of Kansas City, Missouri, Fire Dept., 245 F.3d 707, 708 (8th Cir. 2001).

### B.  Lodestar Amount

In civil rights cases, the starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  As a general proposition, a reasonable hourly rate is one that corresponds to the prevailing market rates in the relevant community.  Blum v. Stenson, 465 U.S. 886, 895 (1984).  The party seeking fees must submit evidence to support the hours worked and the rate claimed.  The district court is required to exclude from the initial fee calculation hours that were not "reasonably expended," i.e., that are excessive, redundant or otherwise unnecessary. Hensley, 461 U.S. at 434.

In this action, Attorney Michael Fagras requests $130,570.80 in attorney's fees at a rate of $300.00 an hour for the 435.236 hours of work.  Convergys opposes the fee request in its entirety because the request exceeds the jury award and is out of proportion to the legal services that Mr. Fagras provided.  The Court will award Mr. Fagras a reduced fee award.  The Court will grant Mr. Fagras attorney's fees at a rate of $200.00 an hour.  The Court believes that a $200.00 hourly rate is reasonable given the prevailing rates in the St. Louis legal community and Mr. Fagras's experience and qualifications.[4]

---

[4]In another ADA case, this Court awarded a $225.00 rate to an attorney who submitted substantially more information in support of the hourly rate and fees requested than was submitted in this action.  See Shaver v. Independent Stave Co., Inc., 4:03-CV-1354 CAS (E.D. Mo. 2005) (attorney submitted an affidavit detailing her legal experience, a curriculum vitae, and several affidavits in support of the requested hourly rate).  In Shaver, the attorney referenced above was based in a small Kansas City firm and had over 20 years of legal experience in state and federal trial and appellate courts.  She also received the highest rating-AV-from Martindale Hubbell's peer review-based attorney ratings.  While there is no magic formula for a fee request or a requirement that an attorney be rated by Martindale Hubbell, complete information about an attorney's experience and

Next, the Court must determine the reasonable hours expended in this action. After reviewing plaintiff's motion for attorney's fees the Court concludes that much of the fee request is unreasonable and excessive. The Court will reduce the fee award accordingly.

### 1. Block Billing and Inadequate Documentation.

First, the Court will address the content and sufficiency of the fee request. The time entries of Mr. Fagras include numerous instances of block billing. Block billing occurs when an attorney lists several activities under one time entry. See, e.g., Bublitz v. E. I. duPont de Nemours and Co., 224 F. Supp. 2d 1234, 1251 n. 9 (S.D. Iowa 2002). In fact, a cursory review shows block billing on most of the descriptive entries by Mr. Fagras.[5] The Court cannot determine whether the time spent on each activity separately was reasonable. This becomes a problem when the block billing is for three hours or more and where several days are covered in one time entry. Therefore, the Court will reduce the fee request by 150 hours to compensate for the lack of detail and organization due to block billing.

There are also many examples of inadequate documentation and excessive billing. An applicant for attorney's fees "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 437. It is true that counsel is not required to show in exact detail how his time was expended, but "at least counsel should identify the

qualifications is needed to justify an attorney's requested hourly rate, particularly where that rate exceeds the typical rate awarded by this Court.

[5]For example, Mr. Fagras billed 6 hours on September 24, 2004 with the description, "Reviewed Answer to Complaint, Disclosure of Corp. Interests, Barb and Yigit in my office." The most egregious example was a billing over four days from April 24, 2006 to April 28, 2006 constituting 14 hours for "Prepare motion and affidavit for Bill of Costs, Prepare Motion and Affidavits for Motion for Attorney's Fees with Memorandum and Statement of Professional Services." There are several other instances of block billing over a period of several days. See Pls.' Ex. 1 (entries for 1-19-06 to 2-2-06 and 3-31-06 to 4-4-06). This type of documentation lacks detail and makes the Court question its accuracy.

general subject matter of his time expended." Id. at 437, n.12. Mr. Fagras bills 72 hours for reviewing e-mail correspondence between himself and other counsel. Although the Court acknowledges that e-mail serves as a primary form of communication today, the Court believes that this billing is excessive. Mr. Fagras bills the time almost exclusively in 15 minute increments, including one entry for an hour, and has no descriptions regarding the subjects of any of these e-mails. The Court has no evidence to show that any of this recorded time was reasonable. Therefore, the Court will cut the fee request regarding time spent sending and receiving e-mails by approximately 90%. Therefore, the Court will compensate Mr. Fagras for 8 hours in time spent on e-mail correspondence.

The Court will also reduce the hours requested by 20 hours for excessive billing. For example, Mr. Fagras bills time for erroneously filing an entry of appearance on behalf of the EEOC and filing the motion to withdraw.[6] Also, there are vague entries, stating for example, "At Yigit's house preparing," "With Barb at my office preparing," and "At Yigit's house with his Bilge and Aus." (Ex. 1, Entries from April 5th, 8th, and 9th in 2006). These entries are billed at 5 hours, 8 hours, and 4 hours, respectively. The Court assumes that this preparation was for trial because of the dates, but these entries show the vague and undetailed nature of the entries.

Next, the Court will not award any fees for reviewing transmissions from the Court. Mr. Fagras requests fees for spending 13.6 hours on reviewing electronic transmissions received from the Court, billed in 10 minute increments. This request is clearly excessive and the Court will not award any fees for this activity. The electronic transmissions from the Court are short descriptions notifying the parties that a document has been filed. The Court cannot think of any instance where it would

---

[6]Mr. Fagras billed one hour for filing his entry of appearance on behalf of the EEOC and one hour for preparing and filing the motion to withdraw. Each document contained one sentence of text. It is absurd to bill an hour for preparation and filing of a one-sentence motion.

take any attorney 10 minutes to read an e-mail stating a document was filed. The Court also notes that Mr. Fagras bills for reviewing the documents received by electronic submission. Therefore, the Court will not award any fees for reviewing electronically generated transmissions from the Court's e-mail address.

### 2. Depositions

Plaintiff-Intervenor's attorney initially requested compensation for 82 hours spent in depositions. In his reply memorandum, Mr. Fagras concedes that he did not attend the depositions of witnesses Tara Match and Marsha Etheridge, which were claimed as 7 hours long. In the same reply, Mr. Fagras acknowledges that the depositions of Marlon Mitchell and Steven Brookins were attended by his law partner Anthony Linson. An affidavit from Mr. Linson is attached to the reply. Mr. Linson, who was never an attorney of record, also seeks compensation at the rate of $300.00 per hour. The Court will award fees for Mr. Linson's participation, but at a rate of only $200.00 per hour. Mr. Fagras asserts, contrary to defendant's assertion, that he attended the deposition of Ms. Yovandra Clark-Dailey, but that he was late to the deposition. The Court will award attorneys Fagras and Linson attorney's fees for 75 hours of attending depositions.

### 3. Travel Time

Mr. Fagras includes travel time for himself as well as picking up and dropping off Mr. Demirelli for the depositions of LaShonda Aldridge, Yovandra Dailey, Marlon Mitchell, Steven Brookins, Theresa Horstmann, and Loretta Hill. The Court will not reimburse Mr. Fagras at $200.00 an hour for travel time. The Court will, however, compensate Mr. Fagras's hourly rate for travel time to and from St. Louis and for transporting Mr. Demirelli at a reduced rate. A number of courts have held that travel time should be compensated at a lower rate than office work time. See, e.g., Major v. Treen, 700 F. Supp. 1422, 1432 (E.D. La. 1988); Kirksey v. Danks, 608 F. Supp. 1448 (S.D. Miss.

1985).  Because block billing was used for the entries, the Court is unable to calculate how much time was spent on travel.  Therefore, the Court will estimate, based on the record, that Mr. Fagras spent 12 hours transporting Mr. Demirelli and 20 hours for his own travel.  The Court will compensate Mr. Fagras at a reduced rate of $100.00 an hour for travel time.  Mr. Fagras also makes a one-line request for parking fees in his reply memorandum.  That request will be denied.

After all of the deductions, the Court concludes that the lodestar figure is $34,400.[7] The Court will decline to adjust the award of attorney's fees upward or downward based on the results of the litigation.  The Court believes that the award of $34,400 adequately compensates plaintiff-intervenor's attorney for the success achieved.  See Hensley, 461 U.S. at 434.  (once the initial product of reasonable hours times a reasonable rate is obtained, a court may adjust the fee upward or downward).

## VII.  Conclusion

In conclusion, the Court will deny defendant's post-trial motion for judgment as a matter of law or alternatively for a new trial and remittitur.  Plaintiff's motion for permanent injunction will be granted in part and denied in part.  Plaintiff's motion for prejudgment interest will be granted.  The Court will grant in part and deny in part plaintiffs' motions for costs.  The Court will grant in part and deny in part plaintiff-intervenor's motion for attorney's fees.

---

[7]The lodestar figure was derived from compensation of 156 non-travel billable hours multiplied by $200.00 an hour, which equals $31,200.00.  Then, the Court added the travel costs of 32 hours multiplied by $100.00 an hour, which equals $3,200.00.  The total award is $31,200 plus $3,200, which equals $34,400.00.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Convergys Customer Management Group, Inc.'s motion for judgment as a matter of law or alternative motion for new trial and remittitur is **DENIED**. [Doc. 147]

**IT IS FURTHER ORDERED** that plaintiff Equal Employment Opportunity Commission's first motion for bill of costs is **GRANTED in part and DENIED in part**. [Doc. 142]

**IT IS FURTHER ORDERED** that plaintiff Equal Employment Opportunity Commission is awarded costs in the amount of Seven Thousand Six Hundred Twenty-Seven Dollars and Fifty-Seven Cents ($7,627.57).

**IT IS FURTHER ORDERED** that plaintiff-intervenor Ahmet Yigit Demirelli's motion for bill of costs is **GRANTED in part and DENIED in part**, as set forth in this Memorandum and Order. [Doc. 145]

**IT IS FURTHER ORDERED** that plaintiff-intervenor Ahmet Yigit Demirelli is awarded costs in the amount of One Hundred and Thirteen Dollars ($113.00).

**IT IS FURTHER ORDERED** that plaintiff-intervenor Ahmet Yigit Demirelli's motion for attorney's fees is **GRANTED in part and DENIED in part**, as set forth in this Memorandum and Order. [Doc. 146]

**IT IS FURTHER ORDERED** that plaintiff-intervenor Ahmet Yigit Demirelli is awarded attorney's fees in the amount of Thirty-Four Thousand Four Hundred Dollars ($34,400.00).

**IT IS FURTHER ORDERED** that plaintiff Equal Employment Opportunity Commission's motion for permanent injunction is **GRANTED in part and DENIED in part**. Said motion is granted to the extent that defendant shall provide plaintiff-intervenor Ahmet Yigit Demirelli with a

neutral letter of reference, which shall be the only communication defendant gives in response to any inquiries about Mr. Demirelli as set forth in this Memorandum and Order.  [Doc. 149]

**IT IS FURTHER ORDERED** that plaintiff Equal Employment Opportunity Commission's motion for entry of prejudgment interest is **GRANTED**.  [Doc. 150]

**IT IS FURTHER ORDERED** that plaintiff-intervenor Ahmet Yigit Demirelli is awarded Two Thousand Six Hundred Thirty-Four Dollars and Eighty-Eight Cents ($2,634.88) for prejudgment interest.

**IT IS FURTHER ORDERED** that defendant Convergys Customer Management Group, Inc.'s motion to amend its response in opposition to plaintiff-intervenor's motion for attorney's fees is **GRANTED**.  [Doc. 164]

An amended judgment will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>7th</u> day of July, 2006.